IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAB PRODUCE, INC.<br>2404 S. Wolcott Avenue, Suite 23<br>Chicago, Illinois 60608<br>(312) 226-7805<br><br>        Plaintiff<br><br>        v.<br><br>BIMEX, INC. a/t/a<br>Roselle International Food Market<br>825 East Nerge<br>Roselle, Illinois 60172<br>(630) 893-5128<br><br>MIROSLAW KUBAS<br>4900 W. Henderson Street<br>Chicago, Illinois 60641<br>(773) 545-3394<br><br>WOJCIECH DZIEWONSKI<br>8015 O'Connor Drive<br>River Grove, Illinois 60171<br>(708) 452-7058<br><br>KAZIMIERZ KONIARCZYK<br>1930 N Harlem Avenue<br>Elmwood Park, Illinois 60707<br>(708) 453-0904<br><br>and<br><br>ZBIGNIEW KRUCZALAK<br>1501 W. Erie Street<br>Chicago, Illinois 60622<br>(312) 243-5125<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>Civil Action No.  FILED: APRIL 2, 2008<br>:               08CV1899   RCC<br>:               JUDGE SHADUR<br>:               MAGISTRATE JUDGE DENLOW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

JAB Produce, Inc. ("JAB"), for its complaint against defendants, Bimex, Inc. a/t/a Roselle International Food Market, Miroslaw Kubas, Wojciech Dziewonsk, Kazimierz Koniarczyk, and Zbigniew Kruczalak, alleges:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants reside in this District.

## PARTIES

3. Plaintiff, JAB, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.   a.   Defendant, Bimex, Inc. a/t/a Roselle International Food Market ("Roselle"), an Illinois corporation with a principal place of business in Roselle, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

    b.   Defendant, Miroslaw Kubas, upon information and belief, is an owner, officer, and director of Roselle, during the period of time in question who controlled the day to day operations of Roselle and was in a position of control over the PACA trust assets belonging to plaintiff.

2

c. Defendant, Wojciech Dziewonski, upon information and belief, is an owner, officer, and director of Roselle, during the period of time in question who controlled the day to day operations of Roselle and was in a position of control over the PACA trust assets belonging to plaintiff.

d. Defendant, Kazimierz Koniarczyk, upon information and belief, is an owner, officer, and director of Roselle, during the period of time in question who controlled the day to day operations of Roselle and was in a position of control over the PACA trust assets belonging to plaintiff.

e. Defendant, Zbigniew Kruczalak, upon information and belief, is an owner, officer, and director of Roselle, during the period of time in question who controlled the day to day operations of Roselle and was in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6. Between June 25, 2007 and July 30, 2007, plaintiff JAB sold and delivered to defendant Roselle, in interstate commerce, $8,205.00 worth of wholesale quantities of produce of which $8,205.00 remains unpaid. An itemized statement of account is attached hereto as Exhibit 1.

7. Defendants accepted the produce from plaintiff.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust

consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.  Plaintiff preserved its interest in the PACA trust in the amount of $8,205.00 and remains a beneficiary until full payment is made for the produce. A sampling of Plaintiff's invoices, which are voluminous, with the trust language required by 7 U.S.C. 499e(c)(4) to preserve trust benefits, is attached hereto as Exhibit 2. All of Plaintiff's invoices contain the requisite statutory language to preserve trust benefits.

10. Despite demand for payment, Defendants have failed and refuse to pay plaintiff for the wholesale quantities of produce supplied by plaintiff, and have advised plaintiff they are unable to do so.

11. The failure, refusal, and admitted inability to make payment to plaintiff indicates that Roselle is failing to maintain sufficient assets in the statutory trust to pay plaintiff and is dissipating trust assets.

### Count 1

(Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendant Roselle to make payment to plaintiff of trust funds in the aggregate amount of $8,205.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment to plaintiff from defendant Roselle in the amount of $8,205.00, and such other and further relief as the Court deems necessary and appropriate.

## Count 2

(Failure to Pay For Goods Sold)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Defendant Roselle failed and refused to pay plaintiff the amount of $8,205.00 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiff requests judgment in favor of JAB, and against defendant Roselle, in the amount of $8,205.00, and for such other and further relief as the Court deems necessary and appropriate.

## Count 3

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Miroslaw Kubas)

16.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17.     Defendant, Miroslaw Kubas, is an owner, officer and director of Roselle who operated Roselle during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

18.     Defendant, Miroslaw Kubas, failed to direct Roselle to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

19. Defendant, Miroslaw Kubas' failure to direct Roselle to maintain PACA trust assets and pay plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, plaintiff requests judgment against defendant, Miroslaw Kubas, in favor of plaintiff, JAB, in the amount of $8,205.00, plus such other and further relief as the Court deems necessary and appropriate.

### Count 4

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Wojciech Dziewonski)

21. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Wojciech Dziewonski, is an owner, officer and director of Roselle who operated Roselle during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

23. Defendant, Wojciech Dziewonski, failed to direct Roselle to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

24. Defendant, Wojciech Dziewonski's failure to direct Roselle to maintain PACA trust assets and pay plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, plaintiff requests judgment against defendant, Wojciech Dziewonski, in favor of plaintiff, JAB, in the amount of $8,205.00, plus such other and further relief as the Court deems necessary and appropriate.

### Count 5

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Kazimierz Koniarczyk)

26. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27. Defendant, Kazimierz Koniarczyk, is an owner, officer and director of Roselle who operated Roselle during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

28. Defendant, Kazimierz Koniarczyk, failed to direct Roselle to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

29. Defendant, Kazimierz Koniarczyk's failure to direct Roselle to maintain PACA trust assets and pay plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

30. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, plaintiff requests judgment against defendant, Kazimierz

Koniarczyk, in favor of plaintiff, JAB, in the amount of $8,205.00, plus such other and further relief as the Court deems necessary and appropriate.

### Count 6

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Zbigniew Kruczalak)

31. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 30 above as if fully set forth herein.

32. Defendant, Zbigniew Kruczalak, upon information and belief, is an owner, officer and director of Roselle who operated Roselle during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

33. Defendant, Zbigniew Kruczalak, failed to direct Roselle to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce supplied.

34. Defendant, Zbigniew Kruczalak's failure to direct Roselle to maintain PACA trust assets and pay plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

35. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, plaintiff requests judgment against defendant, Zbigniew Kruczalak, in favor of plaintiff, JAB, in the amount of $8,205.00, plus such other and further relief as the Court deems necessary and appropriate.

<u>Count 7</u>

(Interest and Attorneys Fees)

36.　　Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37.　　As a result of defendants' failure to make full payment promptly of the amount of $8,205.00, plaintiff has lost the use of said money.

38.　　As a further result of defendants' failure to make full payment promptly of $8,205.00, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

39.　　PACA and the invoices of plaintiff JAB entitle plaintiff JAB to recover prejudgment interest at a rate of 1.5% per month and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 2nd day of April, 2008.

McCARRON & DIESS　　　　　　　LAW OFFICES OF WILLIAM B. KOHN

By:<u>s/Mary Jean Fassett</u>　　　　　　By:<u>s/William B. Kohn</u>
　　Mary Jean Fassett, ID#9078552　　　William B. Kohn
　　4900 Massachusetts Ave., N.W.　　　150 N. Wacker Drive
　　Suite 310　　　　　　　　　　　　　Suite 1400
　　Washington, DC 20016　　　　　　　Chicago, Illinois 60606
　　(202) 364-0400　　　　　　　　　　(312) 553-1200
　　(202) 364-2731 – fax　　　　　　　(312) 553-1733 – fax
　　mjf@mccarronlaw.com　　　　　　　kohn@wbkohnlaw.com

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

08CV1899
JUDGE SHADUR
MAGISTRATE JUDGE DENLOW

**EXHIBIT "1"**

```
03/31/08                      JAB Produce, Inc.                        Page:    1
                           Accounts Receivable Detail

          Customer: R6305, BIMEX INC./ ROSELLE INTL           Phone#

   Date     Ticket #    Code      Amount          Paid         Credit       Balance
 ------------------------------------------------------------------------------------
 06/25/07    614312     DI         382.00         68.50          0.00         313.50
 06/29/07    615373     DI         485.00          0.00          0.00         485.00
 06/29/07    615374     DI          29.00          0.00          0.00          29.00
 06/29/07    615401     DI          40.00          0.00          0.00          40.00
 07/02/07    615815     DI         376.00          0.00          0.00         376.00
 07/02/07    615852     DI         584.50          0.00          0.00         584.50
 07/02/07    615858     DI          40.00          0.00          0.00          40.00
 07/06/07    616648     DI         981.50          0.00        100.00         881.50
 07/06/07    616657     DI          12.00          0.00          0.00          12.00
 07/06/07    616732     DI          93.50          0.00          0.00          93.50
 07/09/07    617168     DI         794.00          0.00          0.00         794.00
 07/09/07    617231     DI          44.00          0.00          0.00          44.00
 07/13/07    618285     DI         648.00          0.00          0.00         648.00
 07/16/07    618648     DI         476.75          0.00          0.00         476.75
 07/20/07    619781     DI         886.50          0.00          0.00         886.50
 07/20/07    619816     DI          31.00          0.00          0.00          31.00
 07/20/07    619820     DI          87.00          0.00          0.00          87.00
 07/20/07    619837     DI          90.00          0.00          0.00          90.00
 07/25/07    620486     DI        1114.75          0.00          0.00        1114.75
 07/27/07    621262     DI         532.00          0.00          0.00         532.00
 07/27/07    621306     DI          42.00          0.00          0.00          42.00
 07/30/07    621624     DI         604.00          0.00          0.00         604.00
 ------------------------------------------------------------------------------------
         Current          3 Days         10 Days        24 Days       Over 31        Total
           0.00             0.00            0.00           0.00       8205.00      8205.00
```

```
08CV1899
JUDGE SHADUR
MAGISTRATE JUDGE DENLOW
```

**EXHIBIT "2"**

# JAB PRODUCE, INC.
"Top Quality Wholesale Produce"
2404 South Wolcott, Unit 23 Chicago, Illinois 60608
Phone (312) 226-7805 (312) 226-5154

Invoice: 614312                                  06/25/07
Customer: BIMEX INC./ ROSELLE INTL
Ship to:

**CLAIMS MUST BE MADE WITHIN 24 HOURS OF DELIVERY**

***** Duplicate Invoice *****

```
      8    CS    Broccoli
Dole  14   count                  @11.50   =   92.00

      2    CS    Broccoli Crowns
Dole //    Crowns                 @13.00   =   26.00

      2    CS    Peppers, Yellow (11#)
WHITE BOX/CANADIAN                @14.00   =   28.00

      3    CS    Peppers, Red (11#)
veri fine                         @8.00    =   24.00

      1    CS    Orange Peppers 11 lb.
PERO                              @12.00   =   12.00

      1    CS    Escarole
JERSEY     CRATE                  @11.00   =   11.00

      1    CS    Endive
JERSEY     CRATE                  @12.50   =   12.50

      2    CS    Boston Lettuce
CA / RATTO                        @13.00   =   26.00
```

                    Continued

FOR RESALE ONLY
Payment terms are 10 days.
PACA TRUST PROVISION: The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food and other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Any claims for shortage, damage or condition will not be honored unless the problem is reported in writing to seller within eight (8) hours of receipt of the product and a timely USDA inspection is performed on the product. Interest shall accrue on any past due account balance at the rate of 1.5% per month (18% per annum) In the event legal action becomes necessary to collect the sums due under this invoice, buyer agrees to pay all costs of collection, including court costs and attorneys' fees.

**TOTAL**

# JAB PRODUCE, INC.
"Top Quality Wholesale Produce"
2404 South Wolcott, Unit 23 Chicago, Illinois 60608
Phone (312) 226-7805 (312) 226-5154

Invoice: 614312                                  06/25/07
Customer: BIMEX INC./ ROSELLE INTL
Ship to:

**CLAIMS MUST BE MADE WITHIN 24 HOURS OF DELIVERY**

***** Duplicate Invoice *****

```
      1    CS    Swiss Chard (Green)
RATTO 24'S                        @22.50   =   22.50

      5    CS    Green Onions
Topless    medium blue bo         @11.50   =   57.50

      2    CS    Spinach, Bunch
Topless                           @13.00   =   26.00

      1    CS    Carrots, Bunch
Bolthouse  24 count               @20.00   =   20.00

      1    CS    Fennel
OCEAN MIST 30'S                   @18.00   =   18.00

      1    CS    Zucchini, YELLOW
FNCY                              @6.50    =   6.50
```

Pd. 68.50
bal. 313.50

                                        ~~382.00~~

FOR RESALE ONLY
Payment terms are 10 days.
PACA TRUST PROVISION: The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food and other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Any claims for shortage, damage or condition will not be honored unless the problem is reported in writing to seller within eight (8) hours of receipt of the product and a timely USDA inspection is performed on the product. Interest shall accrue on any past due account balance at the rate of 1.5% per month (18% per annum) In the event legal action becomes necessary to collect the sums due under this invoice, buyer agrees to pay all costs of collection, including court costs and attorneys' fees.

**TOTAL**

# JAB PRODUCE, INC.
"Top Quality Wholesale Produce"
2404 South Wolcott, Unit 23 Chicago, Illinois 60608
Phone (312) 226-7805 (312) 226-5154

Invoice: 615373                        06/29/07
Customer: BIMEX INC./ ROSELLE INTL
Ship to:

**CLAIMS MUST BE MADE WITHIN 24 HOURS OF DELIVERY**

\*\*\*\*\* Duplicate Invoice \*\*\*\*\*

```
     1    CS    Cukes Mini
white box                     @22.00   =    22.00

     1    CS    Celery Hearts
Nature's Reward Hearts        @24.00   =    24.00

     1    CS    Cabbage, Red
New Jersey / Crates           @14.00   =    14.00

     1    CS    Cabbage, Savoy
JERSEY                        @14.00   =    14.00

     3    CS    Carrots, Baby Whole 30/1#
Bolthouse 30-1# baby          @23.50   =    70.50

     1    SK    Radishes Bulk 40 lb.
Oh / Dutch Maid               @19.00   =    19.00

     2    CS    Dill - 60 Count
CA / RATTO                    @20.00   =    40.00

     1    CS    Dandelion Greens - 24'S
CA / RATTO                    @22.50   =    22.50
```

Continued

FOR RESALE ONLY
Payment terms are 10 days.
PACA TRUST PROVISION: The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food and other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Any claims for shortage, damage or condition will not be honored unless the problem is reported in writing to seller within eight (8) hours of receipt of the product and a timely USDA inspection is performed on the product. Interest shall accrue on any past due account balance at the rate of 1.5% per month (18% per annum) In the event legal action becomes necessary to collect the sums due under this invoice, buyer agrees to pay all costs of collection, including court costs and attorneys' fees.  **TOTAL**

# JAB PRODUCE, INC.
"Top Quality Wholesale Produce"
2404 South Wolcott, Unit 23 Chicago, Illinois 60608
Phone (312) 226-7805 (312) 226-5154

Invoice: 615373                        06/29/07
Customer: BIMEX INC./ ROSELLE INTL
Ship to:

**CLAIMS MUST BE MADE WITHIN 24 HOURS OF DELIVERY**

\*\*\*\*\* Duplicate Invoice \*\*\*\*\*

```
     1    CS    Endive
Topless                       @12.00   =    12.00

     1    CS    Escarole
Topless                       @12.00   =    12.00

     1    CS    Eggplant, Baby
Lakeside                      @22.00   =    22.00

     2    CS    Mushrooms, Portabello
STK                           @11.00   =    22.00

     4    CS    Pickles - Choice
New Jersey / Bushel           @16.00   =    64.00

     3    CS    Spinach, Cello (8/10oz)
PEAK                          @7.50    =    22.50

     1    CS    Swiss Chard (Green)
OHIO / DUTCH MAID / 24'S      @22.00   =    22.00

     1    CS    Swiss Chard (Red)
RATTO 24'S                    @22.75   =    22.75
```

Continued

FOR RESALE ONLY
Payment terms are 10 days.
PACA TRUST PROVISION: The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food and other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Any claims for shortage, damage or condition will not be honored unless the problem is reported in writing to seller within eight (8) hours of receipt of the product and a timely USDA inspection is performed on the product. Interest shall accrue on any past due account balance at the rate of 1.5% per month (18% per annum) In the event legal action becomes necessary to collect the sums due under this invoice, buyer agrees to pay all costs of collection, including court costs and attorneys' fees.  **TOTAL**

# JAB PRODUCE, INC.
## "Top Quality Wholesale Produce"
2404 South Wolcott, Unit 23 Chicago, Illinois 60608
Phone (312) 226-7805 (312) 226-5154

Invoice: 615373                    06/29/07
Customer: BIMEX INC./ ROSELLE INTL
Ship to:

**CLAIMS MUST BE MADE WITHIN 24 HOURS OF DELIVERY**

***** Duplicate Invoice *****

| | | | | | |
|---|---|---|---|---|---|
| 1 | CS | Sugar Snap Peas | | | |
| | | | @20.00 | = | 20.00 |
| 1 | CS | Squash, Yellow fancy | | | |
| Farm Fresh | | | @12.00 | = | 12.00 |
| 1 | CS | Finger Hots | | | |
| STOCK | | | @15.75 | = | 15.75 |
| 1 | CS | Okra | | | |
| CRATE | | | @12.00 | = | 12.00 |

485.00

FOR RESALE ONLY

Payment terms are 10 days.
PACA TRUST PROVISION: The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food and other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Any claims for shortage, damage or condition will not be honored unless the problem is reported in writing to seller within eight (8) hours of receipt of the product and a timely USDA inspection is performed on the product. Interest shall accrue on any past due account balance at the rate of 1.5% per month (18% per annum) In the event legal action becomes necessary to collect the sums due under this invoice, buyer agrees to pay all costs of collection, including court costs and attorneys' fees.

**TOTAL**