UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAB PRODUCE, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 1:08-CV-01899 |
| | : | Hon. Milton I. Shadur |
| BIMEX, INC. a/t/a | : | |
| Roselle International Food Market, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT INSTANTER**

Plaintiff, JAB Produce, Inc. ("JAB" or "Plaintiff") submits this Memorandum in Support of Plaintiff's Motion for Entry of Default Judgment Instanter against Defendants, Miroslaw Kubas and Wojciech Dziewonski. Submitted herewith in support of Plaintiff's motion are the affidavits of Plaintiff's representative, Steve Serck, and Plaintiffs' counsel.

**ARGUMENT**

**I.  Default Should be Entered Whenever a Party
Against Whom a Judgment for Affirmative Relief
Has Been Sought Fails to Plead or Otherwise
Defend Within the Time Provided by Law.**

Rule 55(a) of the Federal Rules of Civil Procedure states in relevant part, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

Defendant, Miroslaw Kubas, was duly served with the Summons and Complaint in this matter by private process server on April 5, 2008. Defendant, Wojciech Dziewonski, was duly served with the Summons and Complaint in this matter by private process

1

server on April 6, 2008. The docket in this matter also establishes that Defendants have failed to plead or otherwise present any defenses to the allegations contained in the Complaint within the time provided for by law. Accordingly, Plaintiff requests that, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default be promptly entered against Defendants Miroslaw Kubas and Wojciech Dziewonski.

## II.     Judgment by Default Should be Entered Against the Defendants Pursuant To Fed. R. Civ. P. Rule 55(b)(1) and/or (2).

Rule 55(b)(1) of the Federal Rules of Civil Procedure states, in relevant part, that

> [w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against defendant, if the defendant has been defaulted for failure to appear . . . ."

Fed. R. Civ. P. 55(b)(1). In all other cases, Rule 55(b)(2) provides for the party entitled to a judgment by default to apply to the court therefor. As discussed above, Defendants have failed to plead or otherwise present any defenses to the allegations contained in the complaint within the time provided by law. In addition, Defendants owe to the Plaintiff a sum certain. Attached hereto are the affidavits of Plaintiff's President, Steve Serck, and Plaintiff's counsel attesting to the fact that Plaintiff is due the principal amount of $5,205.00 plus contractual interest of $1,416.71, and an award of reasonable attorneys' fees and costs in the amount of $5,431.94 incurred by Plaintiff. The claim asserted by the Plaintiff is a sum certain, as reflected in the Serck, Kohn, and Fassett Affidavits. In addition, an award of contractual interest and attorneys' fees and costs is a term of the parties' agreement regarding Defendants' purchase of produce from Plaintiff, as set forth in the

exhibits to the Serck Affidavit[1]. *See Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220 (9th Cir. 2002); *Country Best v. Christopher Ranch, L.L.C.*, 361 F.3d 629 (11th Cir. 2004) (unpaid sellers of produce who include contractual provisions for attorneys' fees and interest in their agreements to sell perishable agricultural commodities, and who properly preserves PACA trust benefits, are entitled to trust protection for those additional expenses incurred). Accordingly, Plaintiff requests that a default judgment be entered against Defendants Miroslaw Kubas and Wojciech Dziewonski pursuant to Rule 55(b)(1) and/or (2) of the Federal Rules of Civil Procedure, and the case authorities on personal liability under the PACA discussed below.

### III.    The Nature and Scope of the PACA Trust.

This case arises under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4) ("PACA") for failure to pay Plaintiff for wholesale quantities of produce sold and delivered to Defendant Bimex, Inc. a/t/a Roselle International Food Market ("Roselle"), a corporation. Defendants Miroslaw Kubas and Wojciech Dziewonski are the owners, officers and directors of Roselle who controlled the operations of Roselle, and was in a position of control over the PACA trust assets belonging to Plaintiff during the period of time in question.

The PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce." 49 Fed. Reg. 45737. Thus, PACA requires produce dealers to make "full payment promptly" for any produce they purchase. 7 U.S.C. § 499b(4).

---

[1] The invoices at issue between the parties provide for contract interest and attorneys fees.

3

In 1984, the PACA was amended to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them." (Emphasis added.) 1984 U.S.C.C.A.N. 406; *see Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000); *see also Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) (". . . the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries.").

To carry out this intent, section 499e(c) imposes a <u>statutory trust</u> on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers which must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made. 7 U.S.C. § 499e(c)(2). The trust arises upon the commencement of the produce purchaser's business and is continually in existence throughout the life of the purchaser's business. *Tanimura & Antle, Inc., et al.*, 222 F.3d 132; *see In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990).

The PACA requires produce suppliers to provide notice to the buyer of their intent to preserve trust benefits. In 1995, the PACA was amended so that notice could be accomplished by produce suppliers including the following language on the face of their invoices: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities

4

until full payment is received." 7 U.S.C. § 499e(c)(4). Plaintiff properly preserved its trust rights by including the requisite language on its invoices to Roselle. *See* Exhibit 2 to Serck Affidavit.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation or trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." *Id.*

## IV.    Personal Liability Under The PACA.

An individual who is in a position to oversee the proper application of the PACA trust assets, and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable for that tortious act. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act."); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control PACA trust assets is personally liable under PACA regardless of whether he exercised that control); *Reds Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339 (M.D. Fla. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was intentional or whether individual was responsible corporate officer); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346

(S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act"); *Bronia, Inc. v. Ho.*, 873 F. Supp. 854, 861 (S.D.N.Y. 1995) ("primary actor responsible for [the corporation's] failure to live up to its fiduciary responsibilities under the PACA" will be personally responsible for the corporations' breach of trust);  *N.P. Deoudes, Inc. v. Snyder*, *(In re Snyder*), 184 B.R. 473 (D. Md. 1995) (personal liability may be imposed on the controlling person of a corporation when trust assets are used for any purpose other than paying trust claims); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F. Supp. 209 (E.D.N.Y. 1993) ("[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss of the trust is personally liable to the beneficiaries for that loss"); *Larry Sheppard v. KB Fruit & Vegetable, Inc.*, 1994 W.L. 317477 (E.D. Pa. 1994) (shareholders, officers and directors, who appointed a manager to operate their business are personally liable to the PACA creditors for the breach of the trust primarily caused by the manager as a matter of law); *In re Harper*, 150 B.R. 416 (Bankr. E.D. Tenn. 1993) (corporate officer found liable because "when there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation.").

   Defendants Kubas and Dziewonski were officers of Roselle and in a position of control over the trust assets belonging to Plaintiff.  Defendants Kubas and Dziewonski's failure to preserve the trust assets for Plaintiff is a breach of their fiduciary duties for which they are personally liable. Failure to turn over the trust assets when payment is due to the produce suppliers, breaches the fiduciary duty to make the trust assets "freely available" to the PACA trust beneficiary.  *Id.*; see also *Morris Okun*, 814 F. Supp. at 348 (PACA trust in

effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation who uses the trust assets for any purpose other than repayment of the supplier); *Reds Market*, 181 F. Supp. 2d 1339 (a simple finding that individuals failed to account for trust assets is sufficient to impose personal liability under PACA).

It has been repeatedly held by the courts that an officer and director of a produce company, such as Defendants Kubas and Dziewonski, who are in "positions of control" over the PACA trust assets, are personally liable for the breach of the PACA trust regardless of whether they personally dissipated the assets. *Golman-Hayden Co.*, 217 F.3d 348; *Sunkist Growers*, 104 F.3d at 283; *Larry Sheppard*, 1994 W.L. 317477; *Morris Okun*, 814 F. Supp. 346; *Reds Market*, 181 F. Supp. 2d 1339.

The bases for this holding are the common law trust principles that: fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation, *id.*, *see also In re Harper*, 150 B.R. 416; and that trustees are under a duty to the beneficiary to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. RESTATEMENT 2D OF TRUSTS § 174.

In this case, Defendants Kubas and Dziewonski were legally responsible for the activities of Roselle and were in a "position of control" over the PACA trust assets. Accordingly, they were responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay Plaintiff. *Id.*; *see also Larry Sheppard*, 1994 W.L. 317477; *Golman-Hayden Co.*, 217 F.3d 348; *Reds Market*, 181 F. Supp. 2d 1339. Having failed to fulfill their duties as trustee, they are liable to Plaintiff, the trust beneficiary.

## V.     Interest And Attorneys Fees Due Plaintiff.

As set forth in Plaintiff's Motion for Entry of Default Judgment Instanter, an award of contractual interest and attorneys' fees and costs is a term of the parties' agreement regarding Defendants' purchase of produce from Plaintiff, as set forth in the exhibits to Serck's Affidavit.  *See Middle Mountain Land and Produce*, 307 F.3d 1220; *Country Best*, 361 F.3d 629 (unpaid sellers of produce who include contractual provisions for attorneys' fees and interest in their agreements to sell perishable agricultural commodities, and who properly preserves PACA trust benefits, are entitled to trust protection for those additional expenses incurred).  Plaintiff calculates the interest due through July 18, 2008 is $1,416.71 as set forth in the Serck Affidavit submitted herewith. Plaintiff has incurred attorney's fees of $5,431.94 as set forth in the Kohn and Fassett Affidavits.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court enter a default judgment against Defendants Miroslaw Kubas and Wojciech Dziewonski in the principal amount of $5,205.00 plus contractual interest of $1,416.71 and an award of reasonable attorneys' fees and costs in the amount of $5,431.94 incurred by Plaintiff in enforcing Plaintiff's trust rights under the PACA, 7 U.S.C. § 499e(c), for a total judgment amount of $12,098.65.

Dated: July 18, 2008.                                   Respectfully submitted,

LAW OFFICES OF WILLIAM B. KOHN

By: s/ William B. Kohn
William B. Kohn
150 N. Wacker Drive
Suite 1400
Chicago, IL 60606
Tel: 312-553-1200
Fax: 312-553-1733
kohn@wbkohnlaw.com

By: s/ Mary Jean Fassett
Mary Jean Fassett, ID#9078552
McCARRON & DIESS
4900 Massachusetts Avenue, N.W.
Suite 310
Washington, DC 20016
Tel: 202- 364-0400
Fax: 202-364-2731
mjf@mccarronlaw.com