```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

JAB PRODUCE, INC.,                )
                                  )
              Plaintiff,           )
                                  )
     v.                           )    No.  08 C 1899
                                  )
BIMEX, INC., etc.,                )
                                  )
              Defendant.           )
```

MEMORANDUM ORDER

Among the statutory remedies provided for successful plaintiffs in Perishable Agriculture Commodities Act ("PACA") cases is an award of attorneys' fees. After having settled with the corporate defendant and its president Zbigniew Kruczalak for both damages and attorneys' fees,[1] plaintiff JAB Produce, Inc. ("JAB") has sought a default judgment against codefendants Miroslaw Kubas ("Kubas") and Wojciech Dziewonski ("Dziewonski").

Dziewonski has appeared pro se, asserting that he was a passive investor and did not occupy the kind of position that would subject him to personal liability under PACA. Entry of judgment against him has therefore been deferred while that issue is to be worked out in further proceedings.[2] This memorandum opinion and order, however, deals with the amount of attorneys' fees to be included in the judgment against Kubas and, if

---

[1] That settlement was the subject of a stipulation and a consent judgment against those defendants.

[2] Kubas has not appeared, so that JAB's counsel is preparing a proposed judgment order against him.

appropriate, Dziewonski.

When JAB's local counsel William Kohn ("Kohn") tendered his affidavit and that of JAB's principal counsel Mary Jean Fassett ("Fassett," a Washington, D.C. lawyer), this Court noted that the accompanying time records covered all of the services rendered in this litigation.  It pointed out to attorney Kohn that such a request was unfair to the two remaining defendants, given the fact that the settlement stipulation with the other two defendants had covered "reasonable attorney's fees" as well as the principal amount of the debt plus prejudgment interest.

That has led to a supplemental affidavit prepared by attorney Fassett, in which JAB has reduced its request by eliminating only amounts "related to the settlement reached with defendants Bimex, Inc. and Zbigniew Kruczalak in this matter" (Supp. Aff. ¶4).  That reduction is obviously insufficient, for it unfairly places on the Kubas-Dziewonski tab all of the other services and expenses that were plainly allocable to <u>all</u> defendants, including the two with whom JAB has settled.[3]  Accordingly attorney Fassett is ordered to return to the drawing board once again to recalculate the amounts of attorneys' fees

---

[3] Although this Court has made no effort to parse the entire request, it is puzzled by the early January 2008 entry reading "Review Marano court docket and dismissal order."  That reference to another lawsuit would scarcely seem chargeable to defendants here.

and expenses fairly chargeable to Kubas and Dziewonski.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date:　August 4, 2008

---

[4] Indeed, some question would appear to exist as to whether even half of the services rendered in connection with the lawsuit generally ought to be ascribed to the two remaining defendants simply because there were four defendants altogether. No doubt JAB dealt only with the corporate defendant in providing produce, with the three individuals also assertedly sustaining liability because of PACA's special provisions in that respect.